2009R00794/am

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA    :    Hon. (SRC )

        v.          :    Criminal No. 10- 579

STEPHEN P. ARENA, and    :    Title 29, United States Code,
DAVID J. CAIVANO           Section 501(c) and
                       Title 18, United States Code,
                       Sections 2, 371, and 664

## I N D I C T M E N T

The Grand Jury in and for the District of New Jersey,
sitting at Newark, charges as follows:

### COUNT ONE
### (Conspiracy to Embezzle from Local 148-Salary and Bonus Scheme)

### Background

1.    At all times relevant to this Indictment:

**The Defendants and Other Parties**

    a.    Local 148 of the Production Workers Union of
the Allied, Novelty and Production Workers of America
(hereinafter "Local 148"), headquartered in Jersey City, New
Jersey, was a "labor organization" as that term is defined in
Title 29, United States Code, Sections 142(3), 152(5), 402(i) and
(j).  Local 148 represented and sought to represent workers from
various trades, including bus drivers, hotel workers, and factory
workers, among others.

    b.    Local 148 also sponsored the Production
Workers Union—Local 148 Welfare Fund (hereinafter the "Welfare
Fund"), an employee benefit plan within the meaning of the

Employee Retirement and Income Security Act of 1974 ("ERISA"),
Title 29, United States Code, Section 1002(1) and (3) and subject
to the provisions of Title I of ERISA.  The Welfare Fund,
headquartered in Jersey City, New Jersey, provided health
benefits to some of Local 148's members.  The Welfare Fund
maintained a Board of Trustees, who were responsible for the
management of the Welfare Fund and its money, property, and
funds.

    c. Defendant STEPHEN P. ARENA was employed by
Local 148 as its President and, as the union's most senior
officer, was responsible for conducting the union's day-to-day
operations.  Defendant STEPHEN P. ARENA was authorized to receive
and did receive a salary and certain benefits from the union for
the faithful performance of his duties.  Defendant STEPHEN P.
ARENA was also a trustee on the Welfare Fund's Board of Trustees.

    d. Defendant DAVID J. CAIVANO was employed by
Local 148 as its Recording Secretary/Secretary-Treasurer and was
responsible for the union's finances, maintaining its books and
records, and keeping a correct record of all union proceedings,
among other duties.  Defendant DAVID J. CAIVANO was authorized to
receive and did receive a salary and certain benefits from the
union for the faithful performance of his duties.  Defendant
DAVID J. CAIVANO was also the Administrator of the Welfare Fund.
In or about January 2007, defendant DAVID J. CAIVANO began

- 2 -

drawing a salary and other benefits from the Welfare Fund instead of Local 148.

        e.  Under Title 29, United States Code, Section 501(a), as officers of Local 148, defendants STEPHEN P. ARENA and DAVID J. CAIVANO each occupied a position of trust in relation to Local 148 and its members as a group, and they owed the union and its membership certain fiduciary duties, including but not limited to, (i) the duty to hold Local 148's money and property solely for the benefit of the union and its membership; (ii) the duty to expend the union's money and property in accordance with the union's constitution, by-laws, and resolutions adopted by the union's governing bodies; and (iii) the duty to account to the union and its membership for any profit they received in any capacity in connection with transactions conducted by or under their direction on behalf of the union.

        f.  In accordance with Local 148's Constitution and By-Laws, Local 148 maintained an Executive Board (hereinafter "Executive Board), whose duties and responsibilities included reviewing and approving, ratifying, or disapproving the actions and decisions of the President, including his financial actions and decisions, and authorizing the disbursement of union funds to pay the union's obligations.  Defendants STEPHEN P. ARENA and DAVID J. CAIVANO were each members of the Executive Board.

g.  Local 148 used a payroll company (hereinafter "Payroll Company") to pay salaries and other related expenses. The money used to pay these salaries, bonuses, and expenses belonged to Local 148.

### The Conspiracy

2.  From on or about July 2005 through in or about December 2009, in Hudson County, in the District of New Jersey and elsewhere, defendants

STEPHEN P. ARENA and
DAVID J. CAIVANO

while officers and employees of Local 148, a labor organization engaged in an industry affecting commerce, knowingly and intentionally conspired and agreed with each other and others to commit an offense against the United States; namely, embezzling, stealing, and unlawfully and willfully abstracting and converting to their use and the use of others, money, funds, securities, property, and other assets of Local 148, contrary to Title 29, United States Code, Section 501(c).

### Object of the Conspiracy

3.  The object of the conspiracy was for defendants STEPHEN P. ARENA and DAVID J. CAIVANO to enrich themselves by embezzling in excess of $375,000 in money belonging to Local 148 by giving themselves unauthorized salary increases and bonuses that furthered no legitimate union purpose, to the financial detriment of Local 148 and its members.

- 4 -

## Manner and Means of the Conspiracy

4.   It was part of the conspiracy that defendants STEPHEN P. ARENA and DAVID J. CAIVANO, contrary to their fiduciary duties to Local 148 and its members as a group, granted themselves substantial salary increases and bonuses, as follows:

| Year | Defendant | Salary Increase | Approximate Bonus (Gross) | Approximate Gross Salary (including bonus) |
|------|-----------|-----------------|---------------------------|--------------------------------------------|
| 2005 | ARENA | $300 per week (as of July 2005) | $15,000 | $136,000 |
| 2005 | CAIVANO | $300 per week (as of July 2005) | $13,200 | $128,600 |
| 2006 | ARENA | $300 per week | $14,000 | $161,917 |
| 2006 | CAIVANO | $300 per week | $12,500 | $152,400 |
| 2007 | ARENA | $300 per week | $12,400 | $180,198 |
| 2007 | CAIVANO | $300 per week | n/a | $12,350 (through January 2007) |
| 2008 | ARENA | $300 per week | $13,600 | $193,800 |

5.   It was further part of the conspiracy that defendants STEPHEN P. ARENA and DAVID J. CAIVANO misrepresented to and concealed from the union's Executive Board and its members these substantial salary increases and bonuses.

6.    It was further part of the conspiracy that defendants STEPHEN P. ARENA and DAVID J. CAIVANO hand-selected and installed individuals on the Executive Board who provided no oversight of defendants STEPHEN P. ARENA's and DAVID J. CAIVANO's actions as union officers.

7.    It was further part of the conspiracy that defendant DAVID J. CAIVANO falsified the minutes of Local 148's executive board and general membership meetings, creating the illusion that these unauthorized salary increases and bonuses had been fully presented to, considered, and approved by the union's executive board or general membership.

8.    It was further part of the conspiracy that defendant DAVID J. CAIVANO directed the Payroll Company to pay these unauthorized salary increases and bonuses to defendants STEPHEN P. ARENA, via payroll checks, and DAVID J. CAIVANO, via direct deposit.

## Overt Acts

9.   In furtherance of the conspiracy and to effect its unlawful objects, defendants STEPHEN P. ARENA and DAVID J. CAIVANO committed and caused to be committed the following overt acts, among others, in the District of New Jersey and elsewhere:

a.   On or about July 21, 2005, defendant DAVID J. CAIVANO prepared and signed the minutes for a general membership meeting held on or about July 20, 2005 that falsely stated that the union's general membership had been presented with, considered, and voted to approve a $300 a week salary increase for defendants STEPHEN P. ARENA and DAVID J. CAIVANO.

b.   On or about August 5, 2005, defendant STEPHEN P. ARENA received a payroll check containing $300 to which he was not entitled.

c.   On or about October 26, 2005, without authorization from Local 148's Executive Board or general membership meeting, defendant DAVID J. CAIVANO directed the Payroll Company, via a facsimile, to issue "holiday bonus pay" to defendant STEPHEN P. ARENA in the approximate amount of $10,000 and to defendant DAVID J. CAIVANO in the approximate amount of $8,800.

d.   On or about December 2, 2005, defendant STEPHEN P. ARENA received a bonus in the approximate amount of $10,000 from Local 148 to which he was not entitled.

e. On or about December 2, 2005, defendant DAVID J. CAIVANO received a bonus in the approximate amount of $8,800 from Local 148 to which he was not entitled.

f. On or about December 5, 2005, defendant STEPHEN P. ARENA directed defendant DAVID J. CAIVANO to contact the Payroll Company to issue additional bonus checks to defendants STEPHEN P. ARENA and DAVID J. CAIVANO.

g. On or about December 9, 2005, defendant STEPHEN P. ARENA received a second bonus in the approximate amount of $5,000 from Local 148 to which he was not entitled.

h. On or about December 9, 2005, defendant DAVID J. CAIVANO received a second bonus in the approximate amount of $4,400 from Local 148 to which he was not entitled.

i. On or about January 12, 2006, defendant DAVID J. CAIVANO prepared and signed the minutes for a general membership meeting held on or about January 11, 2006 that falsely stated that the union's general membership meeting had been presented with, considered, and voted to approve to continue the same $300 a week salary increases purportedly approved by the union's general membership meeting on or about July 20, 2005.

j. On or about January 20, 2006, defendant DAVID J. CAIVANO caused the Payroll Company to increase by $300 a week defendants STEPHEN P. ARENA's and DAVID J. CAIVANO's union salaries, which increases were in addition to the prior $300 a week salary increase from July 2005.

k.  On or about November 9, 2006, defendant DAVID J. CAIVANO prepared and signed the minutes for a general membership held on or about November 8, 2006 that falsely stated that the union's general membership had been presented with, considered, and voted to approve the following salary increases and bonuses for defendants STEPHEN P. ARENA and DAVID J. CAIVANO: "[An Executive Board member] reported . . . that the Board recommended that 2007 raises for the President [defendant STEPHEN P. ARENA] and Secretary-Treasurer [defendant DAVID J. CAIVANO] be the same as last year ($300 per week as of Jan. 2007) subject to review of local union's finances.  It was also presented that the year end Christmas bonus be the same as it has been in past years."

l.  On or about December 8, 2006, defendant STEPHEN P. ARENA received a bonus in the approximate amount of $11,200 from Local 148 to which he was not entitled.

m.  On or about December 8, 2006, defendant DAVID J. CAIVANO received a bonus in the approximate amount of $10,000 from Local 148 to which he was not entitled.

n.  On or about December 14, 2006, defendant STEPHEN P. ARENA directed defendant DAVID J. CAIVANO to contact the Payroll Company to issue additional bonus checks to defendants STEPHEN P. ARENA and DAVID J. CAIVANO.

o.   On or about December 15, 2006, defendant STEPHEN P. ARENA received a second bonus in the approximate amount of $2,800 from Local 148 to which he was not entitled.

p.   On or about December 15, 2006, defendant DAVID J. CAIVANO received a second bonus in the approximate amount of $2,500 from Local 148 to which he was not entitled.

q.   On or about December 29, 2006, defendant DAVID J. CAIVANO caused the Payroll Company to increase by $300 a week defendants STEPHEN P. ARENA's and DAVID J. CAIVANO's union salaries, which increases were in addition to the prior $300 a week salary increases in July 2005 and January 2006.

r.   On or about November 13, 2007, approximately three weeks before the scheduled Executive Board and general membership meeting, defendant DAVID J. CAIVANO directed the Payroll Company to issue holiday bonus payments to defendant STEPHEN P. ARENA

s.   On or about December 5, 2007, defendant DAVID J. CAIVANO prepared and signed the minutes for a general membership meeting held on or about December 5, 2007 that falsely stated that the union's general membership had been presented with, considered, and voted to approve the following salary increases and bonuses for defendants STEPHEN P. ARENA and DAVID J. CAIVANO: "President Arena asked the membership to consider awarding the same raises and Christmas bonuses to the staff that were approved last year upon review of the Local's finances."

- 10 -

t. On or about December 7, 2007, defendant STEPHEN
P. ARENA received a bonus in the approximate amount of $12,400
from Local 148 to which he was not entitled.

u.  On or before December 14, 2007, defendant
DAVID J. CAIVANO caused the Payroll Company to increase by $300 a
week defendant STEPHEN P. ARENA's union salary.

v.  On or about March 26, 2008, defendant STEPHEN
P. ARENA asked the members to vote to increase their dues because
of "increases in the cost of gasoline, professional fees, and
insurance made it necessary . . . so that [Local 148] could
survive."

w.  On or about November 18, 2008, approximately
three weeks before the scheduled Executive Board and general
membership meeting, defendant DAVID J. CAIVANO directed the
Payroll Company to issue holiday bonus payments to defendant
STEPHEN P. ARENA.

x.  On or about December 5, 2008, approximately
four days before the scheduled general membership meeting,
defendant STEPHEN P. ARENA received a bonus in the approximate
amount of $6,800 from Local 148 to which he was not entitled.

y.  On or about December 10, 2008, defendant DAVID
J. CAIVANO prepared and signed the minutes for a general
membership held on or about December 10, 2007, that falsely
stated the following (false statement underlined): "President
Arena reported that due to the huge losses in membership revenue

- 11 -

to the Local Union, at this time there will be no raises granted to the officers until such time that the membership increases. Scheduled raises will only be considered when the President is satisfied that the Local Union can financially afford the increases.  It was also introduced that the usual Christmas Holiday Bonuses will remain intact."

z.  On or about December 12, 2008, defendant DAVID J. CAIVANO directed the Payroll Company to issue defendant STEPHEN P. ARENA a second bonus.

aa.  On or about December 19, 2008, defendant STEPHEN P. ARENA received a second bonus in the approximate amount of $3,400 from Local 148 to which he was not entitled.

bb.  On or about December 26, 2008, defendant STEPHEN P. ARENA received a third bonus in the approximate amount of $3,400 from Local 148 to which he was not entitled.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH NINETEEN
### (Embezzlement from Local 148-Salary and Bonus Scheme)

1.     The allegations set forth in Paragraphs 1 and 4 through 9 of Count One of this Indictment are hereby realleged as if set forth fully herein.

2.     On or about the dates set forth below, in Hudson County, in the District of New Jersey and elsewhere, defendants

STEPHEN P. ARENA and
DAVID J. CAIVANO

while officers and employees of Local 148, a labor organization engaged in an industry affecting commerce, embezzled, stole, and unlawfully and willfully abstracted and converted to their use and the use of others, and caused to be embezzled, stolen, and unlawfully and willfully abstracted and converted to their use and the use of others, money, funds, securities, property, and other assets of Local 148, as described below:

| Count | Approximate Date(s) | Description |
|-------|---------------------|-------------|
| TWO | from in or about July 2005 through in or about January 2006 | Approximately $15,000 in unauthorized salary increases for defendants STEPHEN P. ARENA and DAVID J. CAIVANO |
| THREE | on or about December 2, 2005 | Bonus check, payable to defendant STEPHEN P. ARENA, in the amount of $10,000. |
| FOUR | on or about December 2, 2005 | Bonus payment (via direct deposit) payable to defendant DAVID J. CAIVANO, in the amount of $8,800. |
| FIVE | on or about December 9, 2005 | Bonus check, payable to defendant STEPHEN P. ARENA, in the amount of $5,000. |

| Count | Approximate Date(s) | Description |
|---|---|---|
| SIX | on or about December 9, 2005 | Bonus payment (via direct deposit), payable to defendant DAVID J. CAIVANO, in the amount of $4,400. |
| SEVEN | from in or about January 2006 through in or about December 2006 | Approximately $58,800 in unauthorized salary increases for defendants STEPHEN P. ARENA and DAVID J. CAIVANO |
| EIGHT | on or about December 8, 2006 | Bonus check, payable to defendant STEPHEN P. ARENA, in the amount of $11,200. |
| NINE | on or about December 8, 2006 | Bonus payment (via direct deposit), payable to defendant DAVID J. CAIVANO, in the amount of $10,000. |
| TEN | on or about December 15, 2006 | Bonus check, payable to defendant STEPHEN P. ARENA, in the amount of $2,800. |
| ELEVEN | on or about December 15, 2006 | Bonus payment (via direct deposit), payable to defendant DAVID J. CAIVANO, in the amount of $2,500. |
| TWELVE | from in or about December 2006 through in or about December 2007 | Approximately $50,400 in unauthorized salary increases for defendants STEPHEN P. ARENA and DAVID J. CAIVANO |
| THIRTEEN | on or about December 7, 2007 | Bonus check, payable to defendant STEPHEN P. ARENA, in the amount of $12,400. |
| FOURTEEN | from in or about December 2007 through in or about December 2008 | Approximately $66,000 in unauthorized salary increases for defendants STEPHEN P. ARENA |
| FIFTEEN | on or about December 5, 2008 | Bonus check, payable to defendant STEPHEN P. ARENA, in the amount of $6,800. |

| Count | Approximate Date(s) | Description |
|-------|---------------------|-------------|
| SIXTEEN | on or about December 19, 2008 | Bonus check, payable to defendant STEPHEN P. ARENA, in the amount of $3,400. |
| SEVENTEEN | on or about December 26, 2008 | Bonus check, payable to defendant STEPHEN P. ARENA, in the amount of $3,400. |
| EIGHTEEN | from in or about January 2009 through in or about December 2009 | Approximately $62,400 in unauthorized salary increases for defendant STEPHEN P. ARENA |
| NINETEEN | from in or about January 2010 through in or about May 2010 | Approximately $24,400 in unauthorized salary increases for defendant STEPHEN P. ARENA |

All in violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNTS TWENTY THROUGH TWENTY-FOUR
### (Embezzlement from the Local 148 Welfare Fund-
### Salary and Bonus Scheme)

1.   The allegations set forth in Paragraph 1 of Count One of this Indictment are hereby realleged as if set forth fully herein.

2.   In or about early 2007, defendant DAVID J. CAIVANO began drawing a salary from the Welfare Fund.  Beginning on or about December 2007, contrary to his fiduciary duties to the Welfare Fund and without authorization of the Welfare Fund's Board of Trustees, defendant DAVID J. CAIVANO issued himself a $300 week salary increase.  In addition, contrary to his fiduciary duties to the Welfare Fund and without authorization of the Welfare Fund's Board of Trustees, defendant DAVID J. CAIVANO issued himself holiday bonuses, as follows:

| Approximate Date | Gross Amount of Bonus |
| --- | --- |
| December 4, 2007 | $11,200 |
| December 2, 2008 | $9,300 |
| December 23, 2008 | $3,100 |
| December 1, 2009 | $6,200 |

## The Charges

3.     On or about the dates set forth below, in Hudson County, in the District of New Jersey and elsewhere, defendant

### DAVID J. CAIVANO

knowingly embezzled, stole, and unlawfully and willfully abstracted and converted to his use and the use of others, money, funds, property, and assets of the Workers Union—Local 148 Welfare Fund, an employee benefit plan subject to Title I of the Employee Retirement and Income Security Act of 1974, as described below:

| Count | Approximate Date(s) | Description |
|---|---|---|
| TWENTY | from on or about December 11, 2007 through on or about December 29, 2009 | Approximately $33,000 in unauthorized salary increase |
| TWENTY-ONE | on or about December 4, 2007 | Bonus payment in the amount of $11,200 |
| TWENTY-TWO | on or about December 2, 2008 | Bonus payment in the amount of $9,300 |
| TWENTY-THREE | on or about December 23, 2008 | Bonus payment in the amount of $3,100 |
| TWENTY-FOUR | on or about December 1, 2009 | Bonus payment in the amount of $6,200 |

All in violation of Title 18, United States Code, Section 664 and Section 2.

- 17 -

## COUNTS TWENTY-FIVE THROUGH TWENTY-NINE
### (Embezzlement from Local 148-Unauthorized Trips to Florida)

1.   The allegations set forth in Paragraphs 1 and 4 through 9 of Count One of this Indictment are hereby realleged as if set forth fully herein.

2.   Local 148 issued defendant STEPHEN P. ARENA an American Express credit card (hereinafter "Local 148 Credit Card") for the purpose of carrying out his union duties and responsibilities.  The Local 148 Credit Card was property of Local 148, and the union paid for the charges made on the credit card.

3.   In each year from in or about 2006 through in or about 2010, defendant STEPHEN P. ARENA attended the National Labor Management Conference, an annual labor union conference held in Florida (hereinafter the "Conference" or "Conferences").  Defendant STEPHEN P. ARENA used the Local 148 Credit Card to pay for expenses related to his attendance at these yearly Conferences, including expenses for lodging, and meals.  Defendant DAVID J. CAIVANO signed the checks, payable to American Express, to pay for the charges made by defendant STEPHEN P. ARENA on the Local 148 Credit Card, which checks were drawn on a Local 148 bank account.

4.   In each year from in or about 2006 through in or about 2010, defendant STEPHEN P. ARENA remained in Florida after each Conference had ended.  Without authorization from Local

- 18 -

148's Executive Board or its general membership and in derogation
of his fiduciary duties to the union and its members as a group,
defendant STEPHEN P. ARENA used the Local Credit Card and caused
Local 148 to pay for his personal expenses, including lodging,
related to these extended stays in Florida, and defendant DAVID
J. CAIVANO, in derogation of his fiduciary duties to the union
and its members as a group, caused Local 148 to pay for these
personal expenses, as follows:

        a.  From on or about February 16 through 21, 2006,
the Conference was held in Hollywood, Florida.  After the
Conference had ended, from on or about February 22, 2006 through
on or about February 25, 2006, defendant STEPHEN P. ARENA stayed
at the Fontainbleau Resort Hotel, Miami Beach, Florida.  During
his extended stay in Florida, defendant STEPHEN P. ARENA charged
approximately $979 for lodging on the Local 148 Credit Card.  On
or about March 30, 2006, DAVID J. CAIVANO signed a Local 148
check, payable to American Express, to pay for these unauthorized
and personal charges.

        b.  From on or about February 15 through 20, 2007,
the Conference was held in Hollywood, Florida.  After the
Conference had ended, from on or about February 21, 2007 through
on or about February 24, 2007, defendant STEPHEN P. ARENA stayed
at The Alexander Hotel, Miami Beach, Florida.  During his
extended stay in Florida, defendant STEPHEN P. ARENA charged
approximately $919 for lodging on the Local 148 Credit Card.  On

or about March 28, 2007, DAVID J. CAIVANO signed a Local 148 check, payable to American Express, to pay for these unauthorized and personal charges.

c.  From on or about February 14 through 19, 2008, the Conference was held in Hollywood, Florida.  After the Conference had ended, from on or about February 20, 2008 through on or about February 23, 2008, defendant STEPHEN P. ARENA stayed at Le Meridien Hotel, Sunny Isles Beach, Florida.  During his extended stay in Florida, defendant STEPHEN P. ARENA charged approximately $1,801 for lodging on the Local 148 Credit Card. On or about March 28, 2008, DAVID J. CAIVANO signed a Local 148 check, payable to American Express, to pay for these unauthorized and personal charges.

d.  From on or about February 12 through 17, 2009, the Conference was held in Hollywood, Florida.  After the Conference had ended, from on or about February 18, 2009 through on or about February 21, 2009, defendant STEPHEN P. ARENA stayed at the Westin Diplomat, Hollywood, Florida.  During his extended stay in Florida, defendant STEPHEN P. ARENA charged approximately $1,195 for lodging on the Local 148 Credit Card.  On or about March 3, 2009, DAVID J. CAIVANO signed a Local 148 check, payable to American Express, to pay for these unauthorized and personal charges.

e.   From on or about February 11 through 16, 2010, the Conference was held in Hollywood, Florida.  After the Conference had ended, from on or about February 17, 2010 through on or about February 19, 2010, defendant STEPHEN P. ARENA stayed at the Westin Diplomat, Hollywood, Florida.  During his extended stay in Florida, defendant STEPHEN P. ARENA charged approximately $1,271 for lodging on the Local 148 Credit Card.  On or about March 30, 2010, DAVID J. CAIVANO signed a Local 148 check, payable to American Express, to pay for these unauthorized and personal charges.

### The Charges

5.   On or about the dates set forth below, in Hudson County, in the District of New Jersey and elsewhere, defendants

STEPHEN P. ARENA and
DAVID J. CAIVANO

while officers and employees of Local 148, a labor organization engaged in an industry affecting commerce, embezzled, stole, and unlawfully and willfully abstracted and converted to their use and the use of others, and caused to be embezzled, stolen, and unlawfully and willfully abstracted and converted to their use and the use of others, money, funds, securities, property, and other assets of Local 148, by causing the union to pay for purchases made on the Local 148 Credit Card, as described below:

- 21 -

| Count | Approximate Date | Approximate Amount | Description |
|-------|-----------------|-------------------|-------------|
| TWENTY-FIVE | March 30, 2006 | $979 | Lodging as described in Paragraph 4a above |
| TWENTY-SIX | March 28, 2007 | $919 | Lodging as described in Paragraph 4b above |
| TWENTY-SEVEN | March 28, 2008 | $1,801 | Lodging as described in Paragraph 4c above |
| TWENTY-EIGHT | March 3, 2009 | $1,195 | Lodging as described in Paragraph 4d above |
| TWENTY-NINE | March 30, 2010 | $1,271 | Lodging as described in Paragraph 4e above |

All in violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

A TRUE BILL.

FOREPERSON

PAUL J. FISHMAN
United States Attorney

- 22 -

CASE NUMBER: 10-cr-579 (SRC)

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

STEPHEN P. ARENA, and
DAVID J. CAIVANO

# INDICTMENT FOR

Title 18, United States Code, Sections 371, 664, and 2
Title 29, United States Code, Section 501(c)

PAUL J. FISHMAN
U.S. ATTORNEY
NEWARK, NEW JERSEY

ANTHONY MOSCATO
ASSISTANT U.S. ATTORNEY
973-645-2752